UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE G. YAP, ET AL.,<br><br>Defendants. | No.  2:21-cv-1132-TLN-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 3)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action, which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff's complaint is before the court for screening. In addition, plaintiff has filed an ex parte application for an emergency order granting her sole legal and physical custody of her minor daughter. (ECF No. 3.)

Plaintiff requests to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The request will be granted.

**I.     SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.   ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint names the Sacramento County Superior Court of California, Judge Julie Yap, who is a superior court judge, the Forever Friends Early Learning Center, LLC, and two individual non-state actors. Plaintiff alleges Judge Yap presided over her family law case on May 28, 2021 in a manner that was unfair to plaintiff, and favorable to defendant Sherif R. Tarpin, who is apparently the father of plaintiff's minor daughter. Judge Yap's written order was biased "in favor of Filipino;" and gave custody of plaintiff's minor daughter to Tarpin's girlfriend while Tarpin was engaged in drug use, sale, guns, gangs and women. At some point, plaintiff's daughter became ill after which Tarpin failed to treat her or take her to the hospital.

Plaintiff alleges defendant Krystal Barlatt, who is apparently associated with the Forever Friends Learning Center, LLC, "joined in on June 16, 2021" and stated to plaintiff that she and her school require parents to sign a Covid-19 Release of Liability waiver form. Plaintiff did not sign the form.

As a result of defendants' actions, plaintiff alleges she has suffered physical and mental harm, unspecified property damage, damage to her reputation, and unspecified violent acts to plaintiff and her daughter. Plaintiff seeks a court order to defendants to cease their "wrongful acts upon plaintiff" and an award of $800,000,000.00 in damages. Plaintiff also seeks a court order that would allow plaintiff to subpoena information to prove defendant's involvement with the wrongful acts and wrongful conduct alleged.

## III.   PLEADING STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge

unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

IV.   THE COMPLAINT DOES NOT STATE A CLAIM

A. Eleventh Amendment Immunity and Judicial Immunity

Plaintiff purports to bring claims for damages against the Sacramento County Superior Court and Judge Yap. Judge Yap is the judge who presided over plaintiff's family law case. Under the facts alleged, both the superior court and the judge are immune from suit.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities[.]" Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because the superior court is an agency of the state, suits against the court or its employees in their official capacity for monetary damages are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003). Accordingly, plaintiff cannot proceed on any claims against the Sacramento County Superior Court.

In addition, absolute judicial immunity is afforded to judges for acts performed that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). This immunity reflects a long-standing principal for the proper administration of justice that a judicial officer, in exercising the authority vested, shall be free to act without apprehension of personal consequences. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).

3

Judge Yap is entitled to absolute judicial immunity from damages for findings made in the case. Plaintiff cannot state a claim against Judge Yap on these facts.

**B. Conspiracy**

Plaintiff alleges defendants, as state officials, together with Tarpin and Barlatt, who are non-state officials, acted together to deprive plaintiff and her daughter of their constitutional rights. Since both the superior court and the judge are immune from suit, however, plaintiff has not alleged any state actors and fails to state a civil conspiracy claim against only non-state actors.

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of her "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95 (1978). Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004). To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Thus, by definition, claims under section 1983 must involve a state actor acting under color of state law. While private individuals can also be sued under section 1983 if they conspire with state actors to violate the plaintiff's civil rights, see Melara v. Kennedy, 541 F.2d 802, 804-05 (9th Cir.1976), plaintiff has not named any state actors who are proper defendants and has not alleged sufficient facts to support a conspiracy claim.

"To establish liability for a conspiracy in a [42 U.S.C.] § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." Crowe v. County of San Diego, 608 F.3d 406, 440 (9th Cir. 2010) (citation omitted). In order to state a claim for relief, a plaintiff must state specific facts to support the existence of the claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The allegations must show that an actual deprivation of constitutional rights resulted from the alleged conspiracy. Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir. 1989). Here, plaintiff's vague allegations are insufficient to state a cognizable conspiracy claim.

See Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 626 (9th Cir. 1988) (holding a mere allegation of conspiracy, without factual specificity, is insufficient to state a claim).

### C. Failure to Comply with Rule 8

In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff's vague allegations do not satisfy the requisite standard. The complaint does not plead adequate facts to support any cause of action. Although plaintiff states the basis for jurisdiction is 28 U.S.C. § 1343, and cites the First, Fourth, Fifth and Fourteenth Amendments, along with the Civil Rights Act of 1964 and 18 U.S.C. § 241, the court is unable to discern what causes of action plaintiff intends to bring aside from a civil conspiracy which cannot proceed on the facts alleged for the reasons already discussed. Thus, the complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1).

### D. Ex Parte Application for Emergency Order

On July 13, 2021, plaintiff filed an ex parte application for an emergency order granting plaintiff sole legal and physical custody of her minor daughter. This court lacks jurisdiction to grant the requested relief.

Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal district courts do not have appellate jurisdiction over state courts. See, e.g., Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). This principle is known as the Rooker–Feldman doctrine, and it provides that federal courts lack jurisdiction to exercise appellate review over final state court judgments. Id.; see also Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). In general, the Rooker–Feldman doctrine prevents "a party losing in state court... from seeking what in substance would be appellate review of the state judgment in a United States district court." Henrichs v. Valley View Dev., 474 F.3d 609, 611 (9th Cir. 2009) (internal citation omitted). Stated differently, the doctrine bars a party who loses in state court from filing an action in federal court complaining of injuries caused by state-court judgments and asking the federal court to review and reject those judgments.

Additionally, the "domestic relations exception" prevents federal courts from exercising jurisdiction in child custody matters. Ankenbrandt v. Richards, 504 U.S. 689 (1992); see also Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (per curiam). The subject matter of domestic relations and particularly child custody problems is generally considered a state law matter. See Id. Federal abstention is appropriate in such cases based on: (1) the strong state interest in domestic relations matters, (2) the state courts' superior competence in settling family disputes, and (3) the possibility of incompatible federal and state court decisions since the state exercises ongoing judicial supervision. Peterson, 708 F.2d at 466 (citing Moore v. Sims, 442 U.S. 415 (1979)). Abstention is proper even if the case is premised on alleged federal constitutional violations. Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987). "If the constitutional claims in the case have independent merit, the state courts are competent to hear them." Id.

Plaintiff's claims in the complaint and in the ex parte application arise out of a child custody dispute. This court has no authority to overturn the family court's decisions and award plaintiff custody. Such claims are barred by the Rooker–Feldman doctrine and the domestic relations exception to federal subject matter jurisdiction.

V.     **CONCLUSION**

The complaint must be dismissed. It appears plaintiff may not be able to state a valid claim for relief premised on the events described in the complaint. Out of caution, however, the court will grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

In addition, IT IS RECOMMENDED that plaintiff's ex parte application for an order granting her sole legal and physical custody of her minor daughter (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 26, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Conerley.21cv1132.screen